HAROLD SMITH, Appellant, v. MARY SMITH, Respondent.— Appeal from an order of the Supreme Court, Sullivan County, entered August 20, 1954, denying a motion of plaintiff-appellant for an order determining the custody of the children of the parties. A judgment had been entered in this action dismissing the complaint which sought a separation and also dismissing the defendant's counterclaim for a separation. The judgment contained the following provision with respect to the custody of the children: " Ordered and Adjudged that the children of the parties hereto now residing with the defendant shall continue to reside with the defendant until July 15, 1954, without prejudice to any application to be made by either of the parties hereto for a determination by a Court of competent jurisdiction of the issue of custody of said children, and that the plaintiff shall have the rights of visitation as heretofore provided in the order of Mr. Justice DECKELMAN dated December 7, 1953." An appeal from this judgment has been taken to this court but has not yet been argued. The Special Term was apparently of the opinion that under the circumstances it was not proper for the Special Term to take proof and to determine the custody of the children during the pendency of the appeal to this court from the judgment in the separation action. While this view was based upon a principle which would ordinarily govern a case on appeal, we think that the special circumstances of this case warrant a different procedure. Since, in accordance with our prior decisions, the custody is to be determined only after a hearing at which oral proof is taken, we will not be in a position to dispose of the question of custody upon the appeal from the judgment in the separation action, regardless of the outcome of the appeal. We, therefore, believe that a hearing upon the plaintiff's motion should be held at Special Term as soon as it conveniently can be held and that the court should determine both the general custody of the children and the custody during vacations and holiday periods. There is no other way in which the question of custody can be expeditiously decided. The applications for counsel fees for the defendant at Special Term and in this court, in connection with the custody matter, are denied without prejudice to their renewal upon the hearing at Special Term. The order appealed from is reversed and the matter is remitted to Special Term for hearing and determination in accordance with this memorandum. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *post,* p. 1085.]